## Gross v. Commonwealth.

(Decided September 27, 1927.)

### Appeal from Breathitt Circuit Court.

1. Criminal Law.—Where a prisoner is confined upon a felony charge and his escape is effected, one aiding him to escape is guilty of a felony, in view of Ky. Stats., sec. 1239.

2. Criminal Law.—In view of Ky. Stats., sec. 1357, one aiding in the escape of a prisoner confined on a misdemeanor charge is guilty of a misdemeanor.

3. Criminal Law.—In view of Ky. Stats., sec. 1357, one aiding in the attempted but frustrated escape of a prisoner confined on a felony charge is guilty of a misdemeanor.

4. Criminal Law.—Where defendant was indicted under Ky. Stats., sec. 1239, relative to assisting prisoners held on felony charge to escape, but the proof showed that the attempted escape was frustrated, the jury should not have been instructed under a felony charge, but under a misdemeanor charge, as provided by section 1357.

J. L. STIDHAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and G. D. LITSEY, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Eliza Gross had two sons confined in the county jail charged with a felony. While so confined she visted them, carrying and delivering to them some clean shirts. It is shown by the commonwealth's witnesses that there were some hacksaws concealed in this clothing with which

her sons and other persons sawed the bars of the cell in which they were confined; however, they were detected and did not effect an escape. Eliza Gross was indicted and tried for this offense and sentenced to one year in the penitentiary. On this appeal several grounds are urged for reversal, but the only one of sufficient merit to warrant a discussion is that the court erred in giving a felony instruction to the jury.

It is provided by statute:

"When a person is lawfully detained as a prisoner in any jail, or in custody, if any person shall convey anything into the jail or county prison, with intent to facilitate the prisoner's escape therefrom, or shall aid him in any way to escape, or in the attempt to escape from such jail or custody, or shall forcibly rescue, or attempt to rescue him therefrom, if such rescue or escape be effected he shall, if the prisoner was detained on a conviction or on a charge of felony, be confined in the penitentiary not less than one nor more than five years." Section 1239, Ky. Statutes.

"When a prisoner charged with a felony is lawfully detained in any jail or in custody, any person who shall in any way aid or assist him to escape, if the escape is not effected; or if the person detained is charged with a misdemeanor, whether the escape be effected or not, the person so aiding or assisting shall be fined not less than one hundred nor more than five hundred dollars." Section 1357, Ky. Statutes.

From an examination of these statutes it clearly appears that, if the prisoner is confined on a felony charge and his escape is effected, the one aiding him so to escape is guilty of a felony. If the prisoner does not effect his escape, or if he is confined on a misdemeanor charge, the offense of aiding and assisting him to escape is a misdemeanor only. In this case the indictment was drawn under section 1239. The proof, however, showed that the prisoners did not effect their escape, hence the jury should not have been instructed under that section. But as the offense denounced by section 1357 is included in the former section, the instruction should have been predicated on that section.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.